## SUPREME COURT.

### TOMPKINS agt. ACER.

An answer, in an action on a promissory note, payable at bank, brought by the payee against the maker, merely taking issue upon an allegation of the presentment of the note at the bank at maturity, and setting up that the plaintiff is not the sole owner and holder of the note, but owns it jointly with another person, naming him, wherefore the plaintiff is not individually entitled to recover, is frivolous.

*At Chambers, November*, 1854.

MOTION by plaintiff for judgment, on account of the frivolousness of the answer, with costs.    The facts sufficiently appear in the opinion.

O. H. PALMER, *for plaintiff.*
H. SARGENT, *for defendant.*

T. R. STRONG, Justice.    The answer is clearly frivolous. The action is by the payee against the maker, and presentment of the note at the bank when it became due and payable, or at any other time, was not necessary, as it is not pretended that the defendant paid the note, or tendered payment, at the bank, when it became due ; the issue on that subject is therefore immaterial.

Assuming that the plaintiff is not the " sole owner and holder of the note, but that the said plaintiff is the owner of the same jointly with one A. C. Way," the conclusion drawn from it in the answer, that " therefore the said plaintiff is not individually

entitled to recover against the said defendant in this action," does not necessarily follow. The plaintiff may be a trustee of an express trust as to Way's interest, and entitled to sue and recover, without joining Way, under § 113 of the Code. It should have been shown that the interest of Way is of some other character, to present a case of a defect of parties plaintiff.

The affidavit of the defendant, of merits, is fatally defective, in not saying that he has stated the *case* to his counsel, instead of his *defence ;* and in omitting to state that he has a good defence *on the merits*—the words "on the merits" not being in the affidavit. No basis, therefore, for giving permission to amend is furnished.

The motion must be granted, but without prejudice to a motion to the court at special term for leave to answer, &c.